**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James JONES, Defendant—Appellant.**

No. 03–50529.

D.C. No. CR–03–00418–JFW–2.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Dec. 9, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

550

Matthew Umhofer, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Ivan Louis Klein, Esq., Law Offices of Ivan L. Klein, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

### MEMORANDUM **

James Jones appeals his conviction for conspiracy to deliver stolen treasury checks in violation of 18 U.S.C. § 371, and receiving and retaining stolen treasury checks in violation of 18 U.S.C. § 510(b). We affirm.

■ There was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that a conspiracy existed to which Jones had at least a slight connection. *United States v. Wright,* 215 F.3d 1020, 1028 (9th Cir.2000). At the meeting concerning the stolen Treasury checks, Jones claimed that he had successfully cashed a $17,000 check in the past, responded "shhh" and placed his finger to his mouth in response to Neal's inquiry into the source of the stolen checks, and explained to Mayberry how her share of the check proceeds would be split between Neal and Mayberry. A stolen check was on Jones's thigh. He was aware that checks in the car did not belong to Coleman and that Coleman was engaged in illegal activity involving them. While Jones offered a different account of his part of the conversation at the meeting, the jury resolved credibility issues in favor of the government, *United States v. Bancalari,* 110 F.3d 1425, 1428 (9th Cir.1997), and we resolve conflicting evidence in favor of the verdict. *United States v. Alvarez–Valenzuela,* 231 F.3d 1198, 1201–02 (9th Cir.2000).

■ Likewise, there was sufficient evidence that Jones knew the treasury checks were stolen. What he said at the meeting demonstrated prior experience in having "broke checks" and knowledge that Coleman was talking about endorsing checks that did not belong to him, that Mayberry would be cashing checks supplied by Coleman, and that the proceeds would be divided. He looked down at the check on his thigh. Thus, a rational juror could find beyond a reasonable doubt that Jones knowingly received and retained stolen Treasury checks.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.